UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWARD J. VALE,

        Plaintiff,

v.                                              Case No. 6:10-cv-1525-Orl-31GJK

UNITED STATES OF AMERICA and STATE
OF FLORIDA,

        Defendants.

**ORDER OF DISMISSAL**

Plaintiff, a prisoner currently incarcerated at the Leon County jail and proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.

**I.    *Legal Standard***

Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II. Analysis

Petitioner has brought this action against Defendants The United States of America and The State of Florida. Plaintiff's allegations involve alleged wrongdoings during his state criminal proceedings.

The United States of America is immune from suit unless there has been an unequivocal waiver of immunity. *Daniel v. United States*, 891 F. Supp. 600, 603 (N.D. Ga. 1995). The waiver of sovereign immunity is a prerequisite to subject matter jurisdiction, and the United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations. *Id.* Plaintiff's claims against the United States of America are therefore dismissed as frivolous for failure to state a claim upon which relief may be granted.

In addition, absent a State's consent, the Eleventh Amendment bars a civil rights suit in a federal court that names the State as a defendant. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Thus, the State of Florida is immune from suit in this case, and Plaintiff's claims against the State of Florida are therefore dismissed as frivolous for failure to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2, filed October 14, 2010) is **DENIED**.

3. Plaintiff's Motion for Extension of Time (Doc. No. 5, filed November 8, 2010) is **DENIED** as moot.

4. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 16th day of December, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 12/16
Edward J. Vale